## FIRST NAT. BANK OF PEDRICKTOWN et al. v. WADDINGTON.

## WADDINGTON v. PEDRICK.

### Nos. 4504, 4505.

Circuit Court of Appeals, Third Circuit.

Aug. 18, 1931.

T. G. Hilliard and H. B. Ware, both of Salem, N. J., for appellants First Nat. Bank of Pedricktown, and another.

Frank A. Mathews, Jr., of Camden, N. J., for appellant E. C. Waddington.

James Mercer Davis, of Camden, N. J., for appellee Hamilton G. Pedrick.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, J.

In the court below E. C. Waddington, trustee in bankruptcy of Preston P. Sweeten, filed a bill in equity against Hamilton G. Pedrick, the First National Bank of Pedricktown, and the People's Bank of Pennsgrove. On final hearing that court dismissed the bill as to Pedrick and sustained it as to the two banks, holding that certain payments made to them by the bankrupt were unlawful preferences which they should return to the trustee. From a decree so holding, the banks took this appeal, and the trustee took an appeal in so far as the bill was dismissed as to Pedrick. The two appeals were heard, and will be here considered, as one.

The facts of the case, about which there is no dispute, are as follows: On October 12, 1927, Sweeten arranged with his brother-in-law, Pedrick, to convey to him certain real estate for the sum of $11,000, with the understanding that Sweeten might redeem the real estate if he paid back the purchase money. On the same day deeds in due form were executed and delivered and the money was paid to Sweeten. The price paid was fair, and Sweeten told Pedrick he needed the money on certain notes the banks had been carrying. Sweeten was reputed to be a wealthy man, and on numerous occasions Pedrick had made him loans on security, which loans he had always repaid. The consideration was paid in checks which Sweeten later transferred to the defendant banks. Several weeks thereafter Sweeten went into bankruptcy, whereupon his trustee brought this bill, claiming the banks should pay him the money thus received and that Pedrick should transfer to

the trustee the real estate for which he paid the $11,000. The whole matter is set forth in the opinion of the trial judge, which is printed in the margin.[1]

After careful study of the proofs, and on consideration of the contentions of counsel, we find no error in the decree of the court. As between Sweeten and the banks, the $11,000 paid by him was his money and was clearly preferential. As between Sweeten and Pedrick, however, the advance by Pedrick of his $11,000 and the pledge by Sweeten of his real estate therefor was, as held by the court, under the proofs, nothing "further in the conduct of the parties than one would anticipate from the usual business judgment which is exercised by business men generally in the transaction of business."

The decree is therefore affirmed, and the appeal of the banks is dismissed at their cost, and that of the trustee at his cost.

---

[1] Oral Opinion from the Bench.

I am quite convinced from the testimony in this case that all the witnesses and parties in interest who appear here are men of the highest degree of integrity and honor. There has been no attempt to conceal any evidence that ought properly to come before the Court; and the attitude of the witnesses has been open and frank.

This is not such a case as is sometimes met with in attempts to set aside preferential payments, where there has been a preconceived plan and scheme for the purpose of fraudulently preferring one creditor against another, nor can I see in the testimony anything further in the conduct of the parties than one would anticipate from the usual business judgment which is exercised by business men generally in the transaction of business.

I find that the conveyances mentioned in the bill of complaint made by Preston P. Sweeten to Hamilton G. Pedrick on the twelfth day of October, 1927, were made under such circumstances as not to bring the transaction within what is termed a fraudulent transfer or conveyance. It appears that there was a then present passing consideration for the so-called conveyances, the amount of which is evidenced by the two checks which aggregate approximately $11,000.00. It appears that the money obligation was secured by conveyances. The evidence, however, is that the conveyances were not absolute conveyances but were made upon an expressed agreement between the parties, to the effect that Preston P. Sweeten might at any time subsequently redeem the premises upon the payment to Pedrick of the amount advanced.

I, therefore, find that these conveyances were in effect mortgages, and I further find that the equity of redemption covering the premises in question is vested in the Trustee in Bankruptcy, the plaintiff in this suit.

It appears that the payments made to the two defendant banks, the National Bank of Pedricktown and the Peoples' Bank of Pennsgrove, were made at a time when the paper which was taken up had been for some years criticized, and which in the ordinary course of banking should have been long since paid off. No new consideration passed between the banks and Preston P. Sweeten, nor between the bank and Mr. Pedrick. These payments, then, to the banks are, in my opinion, clearly preferential payments such as are contemplated and dealt with in the bankruptcy act.

It is my opinion, therefore, that the moneys so received from Mr. Pedrick by these two banks should be paid over to the Trustee in Bankruptcy; to be more specific, the sum of $8,100.00 from the First National Bank of Pedricktown, and the sum of $4,944.17 from the Peoples' Bank of Pennsgrove.

The bill as against Hamilton G. Pedrick is dismissed.

A decree will accordingly be signed.